### GEORGE HUBBELL *v.* GARRETT D. CLARK.

H., being the lessee of certain premises under a lease ending May 1st, 1854, and the owner of a new lease commencing on that day, assigned the latter, on the 14th of March, 1854, to C., and gave him possession. In a subsequent action for rent up to the 1st May, 1854, *held*,

1. That parol evidence was admissible to show that C. took possession under H. prior to 1st May, 1854, and that evidence of such occupation, coupled with the declarations of the defendant, were sufficient to sustain an action for use and occupation prior to 1st May.

2. That in the Marine Court a complaint for "one quarter's rent of" premises, describing them and stating the amount claimed, was sufficient to sustain a recovery in such an action.

3. That a covenant by the plaintiff, in the assignment, against back rents, did not estop him from recovering for the use and occupation of the premises by the defendant, prior to the time when the assigned lease was to take effect.

APPEAL by defendant from a judgment of the Marine Court. This was an action for rent. The complaint was in these words: "One quarter's rent of Crystal, in Grand street, ending May 1st, 1854, with interest, $225." The facts in the case, except as they appear in the opinion of the court, are as follows: The plaintiff, in March, 1854, was the lessee of certain premises called the "Crystal," in Grand street, New York city. He had also procured a new lease of the premises, dated the 1st of May, 1854, and running for five years. On the 14th of March, 1854, an

agreement was made between the plaintiff and the defendant, in writing, whereby the plaintiff assigned this lease to the defendant. This assignment contained the following covenant on the part of the plaintiff: `

" And I do hereby covenant, grant, promise and agree, to and with the said Garrett D. Clark, that the said assigned premises now are free and clear of and from all former and other gifts, grants, bargains, sales, leases, judgments, executions, *back rents*, taxes, assessments and incumbrances whatsoever."

On the same day an agreement was made between the defendant and one George D. Peshine, who had formerly occupied the " Crystal " under the plaintiff, by which the defendant agreed put him in possession, under the original lease, and sell him the fixtures and furniture, upon condition of the punctual payment of certain sums of money mentioned in the agreement. Upon the trial of this action, which was brought to recover rent for the quarter ending 1st May, 1854, Peshine was called and testified, subject to objection, that previous to the 14th of March he was subject to the plaintiff and paid rent to him, after that to Clark. He also testified to conversations of the defendant, which are stated in the opinion of the court, in which the defendant admitted himself liable for rent up to 1st May, 1854. All the parol evidence, as to the arrangement between the plaintiff and the defendant, was objected to, on the ground that the written assignment of lease contained the entire agreement between the parties. The objection was overruled and an exception was taken. The court gave judgment for the plaintiff for one hundred and twelve dollars fifty cents, being equal to the rent of half the quarter ending 1st May. From this judgment the defendant appealed.

*Townsend, Dyett & Raymond,* for the appellant.

*H. W. Johnson,* for the respondent.

DALY, J.—The testimony showed that Hubbell, the plaintiff

was the lessee of the premises up to the 1st of May, 1854, and that Peshine carried on business at the place, which was known by the name of the "Crystal," under an agreement with Hubbell. Hubbell had obtained a new lease of the premises, to commence at the expiration of the old one, that is, on the 1st of May, 1854. On the 14th of March, 1854, Hubbell assigned all his right, title and interest to the new lease to the defendant, and the defendant, who had also purchased from Hubbell the fixtures and furniture of the establishment, entered into an agreement in writing, with Peshine, whereby he agreed to give Peshine possession of the premises for the full term of the lease assigned to the defendant by Hubbell, and also to sell and deliver to Peshine the furniture and fixtures upon certain conditions, which were, the punctual payment of four promissory notes, amounting to the sum of $1,700, the payment on the 1st of May, 1856, of the sum of $1,300, then due by Peshine to the defendant, together with the payment of the rent and taxes and the performance of all the requirements of the said lease, upon the payment of which sum ($1,300) all the right and interest, then held by Clark, the defendant, was to pass to Peshine. When these instruments were executed, that is, on the 14th of March, 1854, there was a quarter's rent then coming due under the old lease, and in the conversation that took place at the time, between Hubbell, Clark and Peshine, Hubbell asked who was to pay this rent, remarking, that as the property was going out of his hands, they could not look to him for rent. Clark then said to Peshine, "How about that?" to which Peshine answered, ".Hubbell ought not to pay it, we will have to pay it." Peshine not being able to perform his agreement, had to give up the place on the 18th of April. In a conversation which the defendant then had with Peshine, he, according to the statement of Peshine, who wanted money, pleaded that he would have to pay the half quarter rent ($112.50) if Hubbell sued him, remarking, "that is $112.50 anyway." In addition to this, Taylor, who acted as the attorney for all parties, when the instruments before mentioned were executed, testified that Clark said to Hubbell,

"Who is going to pay the rent?" and Hubbell answered, "You, of course, the place is yours and I am not going to pay any more debts or anything about it," and when the papers were delivered, Clark said, in answer to a question from Taylor, that "it was too bad if he should have to pay the whole quarter, when he only occupied it the half," to which Hubbell answered, "You can't complain; you got it cheap enough; I lost enough by it." This conversation referred to the then running quarter. Judgment was rendered against the defendant for the half quarter, that is, $112.50, from which judgment the defendant now appeals.

The first objection relied upon is, to a question put to the witness, Peshine. He was asked, when Clark, the defendant, took possession of the place. It was insisted that this appeared by the assignment of the lease. But such was not the fact. The lease did not go into effect until the 1st of May, a month and a half thereafter, and as Hubbell was, at that time (the 14th of March, 1854), the lessee of the premises under the old lease, it was entirely competent for him to show that the defendant took possession and had the use of the premises during this month and a half. The assignment merely showed that the defendant was to have possession under the new lease assigned to him, on the 1st of May thereafter, and the answer to the question in no way conflicted with, contradicted or affected the terms of that instrument. It was to the effect that Clark took Hubbell's place on the 14th of March, 1854, which he might well do, without any reference to a possession, which he was to have for five years, under the new lease commencing on the 1st of May, 1854. The assignment gave him no right to enter into possession on the 14th of March, 1854, which was prior to the commencement of the term granted by the lease, which had been assigned to him, and he could not enter into possession of the premises during the month and a half from the 14th of March to the 1st of May, unless by the authority and consent of Hubbell, who continued, up to the 1st of May, the lessee of the premises under the old lease.

Hubbell v. Clark.

As the testimony showed, very clearly, that Clark went into possession on the 14th March, 1854, through his vendee, Peshine, he and Hubbell will be regarded as standing, during the month and a half, in the relation of landlord and tenant, unless it appears that the intention was otherwise, and that he was during that period to pay nothing. So far from its being the fact, that he was to have the beneficial use of the premises during that time, without charge, it appears abundantly, from the declaration made to him by Hubbell, from his acquiescence, and his declaration to Peshine, more than a year afterwards, that such was not the intention of the parties. He has had the beneficial use of the premises during that time, and he is liable to Hubbell for use and occupation. The complaint was sufficient to entitle the plaintiff to recover for use and occupation. It is for one quarter's rent of "Crystal," in Grand street, ending 1st of May, 1854, with interest, $224. From the brief and general form of pleading which is allowable in justices' courts, they are to be construed with great liberality, and if they sufficiently apprise the opposite party of the nature of the claim it is all that is needed. The complaint here is for rent, specifying the period for which it is claimed and the amount of it. This is all that was necessary.

There is nothing in the other objections. The consideration to support the claim made was, the beneficial use and enjoyment of the premises. The covenant in the assignment of the lease, against back rents, constituted no estoppel. It did not preclude the plaintiff from showing that the defendant entered into a contract with him for the use and occupation of the premises for the time that was to intervene, before the lease, which was assigned, was to commence and have effect. The judgment should be affirmed.